UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GEORGE ALEXANDER LUGO,

              Plaintiff,

    v.

OFFICER STOVALL ET AL.,

              Defendants.

Case No. 2:25-cv-10578-JAK-ACCV

**ORDER DISMISSING COMPLAINT**

## **BACKGROUND**

On November 1, 2025, Plaintiff filed a Complaint against Defendants City of Isla Vista, Does 1-10, Jane Doe 1, Jane Doe 2, Santa Barbara County Sheriff's Department, and Officer Stovall (in individual and official capacities). (Electronic Case Filing Number ("ECF No.") 1.) On November 23, 2025, Plaintiff filed a Notice of Voluntary Dismissal. (ECF No. 6.)

On December 2, 2025, Plaintiff filed a First Amended Complaint ("FAC") against Defendants Officer Stovall, Officer Concino, Santa Barbara County Sheriff's Department, City of Isla Vista, Jane Doe 1, Jane Doe 2, John Doe Officers 1-3, and Does 1-10 (collectively, "Defendants"). (ECF No. 8.) On January 6, 2026, the Court

1

issued its Order Dismissing First Amended Complaint with Leave to Amend ("ODLA"). (ECF No. 10.) The FAC was dismissed for improperly joined claims and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. (ECF No. 10, ODLA at 4-6.) The Court provided Plaintiff with a blank Civil Rights Form and a Voluntary Dismissal form if either was desired. Plaintiff's Second Amended Complaint ("SAC") was due on or before February 10, 2026. Plaintiff failed to file a SAC within the allotted time and did not request an extension of time. Therefore, on February 26, 2026, the Court issued an Order to Show Cause ("OSC") requiring, "on or before March 11, 2026, Plaintiff is ORDERED to do one of the following: (a) advise the Court that Plaintiff does not wish to pursue this action; (b) show good cause in writing why the SAC was not timely filed and why the Court should not recommend dismissal for failure to prosecute and failure to comply with the Court's prior Order; or (c) file a SAC." (ECF No. 12, OSC at 1.) In the OSC, Plaintiff was "forewarned that failure to pursue either of the options provided may be deemed a further violation of a Court order warranting dismissal and may also be considered additional evidence of a lack of prosecution on Plaintiff's part." (*Id.*) To date, Plaintiff has not shown cause or filed a SAC.

As of the date of this Order, Plaintiff has failed to show cause why this case should not be dismissed or to otherwise participate in this litigation. Plaintiff has not responded to the OSC and has not contacted the Court.

## **DISCUSSION**

District courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.") (internal quotations and

alterations omitted).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61.

In the instant action, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. Plaintiff has not shown cause or filed a SAC per the Court's February 26, 2026, OSC. Plaintiff also has not requested an extension of time to do so. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on the merits— ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on Plaintiff's responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. (*See* ECF No. 12, OSC at 1.) Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

3

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown either an unwillingness or inability to comply with court orders by failing to file responsive documents or otherwise cooperate in prosecuting this action.

Finally, while dismissal should not be entered unless plaintiff has been notified dismissal is imminent, *see W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Plaintiff about the possibility of dismissal. (*See* ECF No. 12, OSC at 1.)

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has failed to respond to Court orders, the Court **DISMISSES** this case, without prejudice.

## **ORDER**

Based on the foregoing, **IT IS ORDERED** that Judgment be entered **DISMISSING** this case without prejudice.

DATED:  April 20, 2026

_____
JOHN A. KRONSTADT
United States District Judge

Presented by:

_____
HONORABLE ANGELA C. C. VIRAMONTES
United States Magistrate Judge

4